UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MICHAEL D. SHORE,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

NCSPLUS INCORPORATED,
a Delaware corporation,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**
**JURY DEMAND**

    Plaintiff, Michael D. Shore (hereinafter "Plaintiff"), files this Class Action Complaint, individually and on behalf of all others similarly situated, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (hereinafter "FDCPA") against Defendant, NCSPlus Incorporated (hereinafter "Defendant") in order to remedy illegal debt collection practices.

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

    2.    Venue is proper because this is where the cause of action accrued: Defendant transacts and/or conducts business in this venue, Defendant illegally attempted to collect consumer debts within this venue, and Plaintiff resides here.

    3.    Defendant's communications with Plaintiff and members of the Class in connection with the attempted collection of consumer debts in Florida made it foreseeable that it

would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

## PARTIES

1. Plaintiff is a natural person, and at all times relevant to this action, was a citizen of the State of Florida, residing in Broward County, Florida.

2. At all times relevant to this action, Plaintiff is and was a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant is a foreign corporation whose principal place of business is located at 117 E. 24th Street, 5th Floor, New York, NY 10010.

4. Defendant's registered agent for service of process in the state of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

6. Defendant is registered with the Florida Office of Financial Regulation as a collection agency.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## APPLICABLE LAW

**I.   Fair Debt Collection Practices Act**

8. The FDCPA provides, in relevant part: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-- (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer,

within thirty days after <u>receipt</u> of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a) (emphasis added).

9. The FDCPA also prevents false, deceptive or misleading representations in connection with the collection of consumer debts. 15 U.S.C. § 1692e.

10. The FDCPA defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

11. The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

12. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

13. When determining whether the FDCPA has been violated, a court must apply an objective test focused on how the least sophisticated consumer would be affected by a debt

collectors practices. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).

## FACTUAL ALLEGATIONS

14. At all times relevant to this action, Defendant sought to collect from Plaintiff and members of the Class alleged consumer debts arising from transactions incurred primarily for personal, family or household purposes.

15. On or about July 20, 2017, Defendant sent a collection letter to Plaintiff for an alleged balance owed regarding a medical bill. (Exhibit 'A').

16. The subject collection letter states: "All portions of this claim shall be assumed valid by NCS unless this debt or any portion thereof is disputed to NCS within thirty (30) days."

17. The subject collection letter goes on to state: "NCS is attempting to collect a debt and any information obtained will used for that purpose."

18. Lastly, the subject collection letter states: "Nevertheless, we are authorized to continue with the collection of the full amount due."

## CLASS ALLEGATIONS

19. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class of persons, subject to modification after discovery and further case development:

> All persons who Defendant sent, or caused to be sent, debt collection letters in the form of Exhibit 'A' to a mailing address located in the United States, during the one-year period prior to the filing of this action.

20. The members of the Class are all identifiable through Defendant's records.

21. Excluded from the Class are Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

22. Plaintiff proposes that he serve as class representative for the class as he and the members of the Class have all been harmed by Defendant's actions.

23. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.

24. Plaintiff believes and therefore avers, that Defendant has improperly sent collection letters to over forty (40) consumers throughout the United States during the relevant time period.

25. There are questions of law and fact common to Plaintiff and to the members of the Class, including but not limited to:

   a. Whether Defendant's conduct constitutes violations of 15 U.S.C. 1692g;

   b. Whether Defendant's conduct constitutes violations of 15 U.S.C. 1692e;

   c. Whether Plaintiff and members of the Class are entitled to statutory damages pursuant to the FDCPA as a result of Defendant's actions;

   d. Whether Plaintiff and members of the Class are entitled to attorney's fees and costs pursuant to the FDCPA; and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

26. Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

27. Plaintiff is an adequate representative of the Class because he will fairly and adequately protect the interests of the Class, and counsel who is experienced in litigation of this nature represent him.

28. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

29. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

### COUNT I
### Violation of 15 U.S.C. § 1692g

30. Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

31. Defendant failed to provide notice in a manner consistent with 15 U.S.C. § 1692g.

32. Specifically, Defendant did not effectively communicate the requirements of 15 U.S.C. § 1692g to Plaintiff and members of the Class by failing to notify them that they had thirty (30) days from *receipt* of the notice to dispute the validity of the debt.

33. The failure to include this requisite language has been deemed a violation of the FDCPA. *See Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223 (S.D. of Fla. 2006).

34. As a result of Defendant's aforementioned violation of the FDCPA, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

### COUNT II
### Violation of 15 U.S.C. § 1692e

35. Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

36. Defendant violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations to Plaintiff and members of the Class.

37. Specifically, Defendant's collection letter was false, deceptive and misleading because the language stating that Defendant was authorized to continue with collection of the full amount due overshadows and contradicts the letter's validation notice.

38. As a result of Defendant's aforementioned violation of the FDCPA, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

## JURY DEMAND

39. Plaintiff is entitled to and respectfully demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of all members of the Class, respectfully requests this Court to enter judgment against Defendant for all of the following:

a. That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

b. That Plaintiff and all members of the Class be awarded statutory damages pursuant to the FDCPA;

c. That Plaintiff and all members of the Class be awarded costs and attorney's fees pursuant to the FDCPA;

d. That the Court enter a judgment permanently enjoining Defendant from violating the FDCPA;

e. That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the FDCPA;

f. That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify members of the Class; and

g. Such other and further relief as the Court may deem just and proper.

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, FL 33432
Telephone: 954-235-3706
Chris@theconsumerlawyers.com

*Attorney for Plaintiff
and the putative class*

# Exhibit 'A'

9



Claims Office: 117 East 24th Street, 5th Floor
New York, NY 10010

# NCSPlus Incorporated

MICHAEL SHORE
705 SW 22ND AVE
FORT LAUDERDALE FL 33312

**Balance Verification**
JULY 20, 2017

```
CLAIM NUMBER:   6577639
SOC SEC NO:        ***-**-
CLIENT REF:     39009218
AMOUNT DUE:              $752.00
CREDITOR: FORT LAUDERDALE FIRE/EMS
```

BALANCE VERIFICATION

We are verifying the balance(s) of selected accounts receivable for our client whose records indicate you owe the above amount.

If the balance is correct, please sign below and return this notice to us. Please remit the above sum DIRECTLY TO YOUR CREDITOR AT THE ADDRESS SHOWN BELOW. Or you may contact them by telephone at the number shown below.

All portions of this claim shall be assumed valid by NCS unless this debt or any portion thereof is disputed to NCS within thirty (30) days. If you notify NCS in writing of such dispute within this time, NCS will mail you a verification of the debt or a copy of a judgment. If the original creditor is different from the above named creditor, the name and address of the original creditor will be provided upon request. NCS is attempting to collect a debt and any information obtained will be used for that purpose.

Nevertheless, we are authorized to continue with the collection of the full amount due. Any claims for credit or explanations should be submitted directly to us. Thank you for your anticipated cooperation.

(800) 232-0892   FAX: (866) 824-9280


FORT LAUDERDALE FIRE/EMS
AMBULANCE COLLECTIONS
528 NW 2ND STREET
FORT LAUDERDALE FL 33311

The Balance Shown is Correct  _____